UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rosa T., <br><br>        Petitioner, <br><br>v. <br><br>David Easterwood, *in his official capacity as Field Office Director, Fort Snelling (St Paul) Field Office, U.S. Immigration and Customs Enforcement*; Todd M. Lyons, *in his official capacity as Acting Director, Immigration and Customs Enforcement*; Kristi Noem, *in her official capacity as Secretary, U.S. Department of Homeland Security*; and Pamela Jo Bondi, *in her official capacity as Attorney General of the United States*, <br><br>        Respondents. | File No. 26-cv-888 (ECT/ECW) <br><br>**OPINION AND ORDER** |

Mai Neng Moua, Mai N. Moua Law Office, Minneapolis, MN, for Petitioner Rosa T.

Ana H. Voss and Julie T. Le, United States Attorney's Office, Minneapolis, MN, for Respondents David Easterwood, Todd M. Lyons, Kristi Noem, and Pamela Jo Bondi.

Petitioner Rosa T. is an Ecuadorian citizen who entered the United States without inspection on or about October 23, 2023, near Lukeville, Arizona. Pet. [ECF No. 1] ¶¶ 1, 22, 43–44. On October 23, 2023, Rosa was issued a Notice of Appear, which stated that Rosa was "an alien present in the United States who has not been admitted or paroled." ECF No. 1-1 at 1. It did not check the box for "arriving alien." *Id.* Rosa "then filed Form I-589, Application for Asylum and for Withholding of Removal with USCIS." Pet. ¶ 45; *accord id.* ¶¶ 1, 16. The date on which Rosa filed her asylum application has not been

provided by Rosa or Respondents, but a copy of Rosa's Form I-589 Application for Asylum and for Withholding of Removal filed with the Petition is stamped as received by the Department of Justice on October 18, 2024. *See* ECF No. 1-1 at 5. Rosa's asylum application remains pending. Pet. ¶¶ 1, 16, 45. Rosa "has not been ordered removed" and she "has no criminal history." *Id.* ¶¶ 1, 48. Rosa has an employment authorization valid from May 14, 2025, through May 13, 2030. *Id.* ¶ 1; ECF No. 1-1 at 4. On January 30, 2026, Department of Homeland Security or Immigration and Customs Enforcement ("ICE") agents detained Rosa "while she attended her ISAP (Intensive Supervision Appearance Program)[1] appointment." Pet. ¶¶ 2, 46. Rosa "remained continuously enrolled in ISAP and fully compliant with all program requirements at the time of her arrest," and "ICE never issued a notice of revocation, never identified any violation of ISAP conditions, and never afforded [Rosa] the procedural safeguards required before converting a supervised release into custodial detention." *Id.* ¶ 7. As of the Petition's filing, Rosa was "being processed and detained by ICE at the St. Paul Field Office in Fort Snelling, Whipple Federal Building in Bloomington, Minnesota." *Id.* ¶ 47. Respondents do not dispute the Petition's facts. *See* ECF No. 5.

Rosa challenges her detention under 28 U.S.C. § 2241. Pet. ¶ 11. She claims she has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 24–30; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62

---

[1] According to the Petition, ISAP "constitutes a form of conditional release that authorizes supervision in the community rather than physical detention." Pet. ¶ 6 (citing 8 U.S.C. § 1226(a); and then citing 8 C.F.R. 236.1(c)).

2

(D. Minn. 2025) (explaining legal framework). According to Rosa, that misclassification and denial of a bond hearing violate her right to due process under the Fifth Amendment, the Immigration and Nationality Act, the Administrative Procedure Act, the *Accardi* doctrine, and the Suspension Clause, U.S. Const. art. I, ¶ 9, cl. 2. *See* Pet. ¶¶ 50–70. Rosa seeks issuance of a writ of habeas corpus ordering her immediate release from immigration detention, or alternatively, that she "be provided a prompt, individualized custody hearing before a neutral Immigration Judge under 8 U.S.C. § 1226(a)"; a declaration that her detention despite her pending asylum petition and without revocation of her ISAP release violates the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, the Administrative Procedure Act, and the Suspension Clause; issuance of an order enjoining Respondents from continuing to detain her absent lawful statutory authority, or from moving her outside of Minnesota during the pendency of her Petition; issuance of an order directing the return of her personal property and belongings taken from her in connection with detention; issuance of an order that if she has been transferred outside of Minnesota, she be provided "prompt transportation at government expense to the Federal Whipple Building in Minneapolis, Minnesota"; and "such other further relief as the Court deems just and proper." Pet. at 17–18.

Acknowledging that Rosa's Petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided," Respondents argue that the Petition fails on the merits for the same reasons set forth in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025). *See* ECF No. 5 at 1. This raises an issue of statutory

3

interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Rosa has shown she has been misclassified under § 1225(b)(2) rather than § 1226(a). As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir.

---

[2] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Rosa's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

4

2025). Rosa has lived in the United States for more than two years. *See* Pet. ¶ 1. Her detention falls under § 1226(a) and not § 1225(b)(2).[3]

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023). Here, Respondents were ordered to include in their answer "[w]hether the absence of a warrant preceding [Rosa's] arrest necessitates [Rosa's] immediate release." *See* ECF No. 3 at 2. Respondents have not produced a warrant, nor have they advanced any specific argument that Rosa's release is an unwarranted remedy. *See* ECF No. 5.

---

[3] Respondents do not argue that Rosa is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the Petition would apply to Rosa's detention. *See* ECF No. 5.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[4]

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Rosa T.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall release Petitioner from custody as follows:

    a. If Petitioner remains detained in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

---

[4] The resolution of this statutory-interpretation question in Rosa's favor makes it unnecessary to address the Petition's remaining grounds.

6

      b.     If Petitioner has been moved outside of Minnesota, as soon as practicable, but not later than 72 hours after entry of this Order, Respondents shall return Petitioner to Minnesota and then release Petitioner from custody.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 2, 2026, at 5:40 p.m.      s/ Eric C. Tostrud  
                                                                     Eric C. Tostrud  
                                                                     United States District Court